UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER ROBERT MARTINEZ,

        Plaintiff,                         Case No. 2:12-cv-346

v.                                             Honorable R. Allan Edgar

UNKNOWN LAJOIE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Unknown Derry and Unknown Savoie. The Court will serve the complaint against Defendants Unknown Lajoie, Unknown Cusik, Unknown McKee, Unknown Fillion, Unknown Murline and Unknown Party.[1]

---

[1] The Court lacks sufficient information to order service on Unknown Party at this time.

**Discussion**

    I.       Factual allegations

Plaintiff presently is incarcerated at the Chippewa Correctional Facility. In his *pro se* complaint, he sues Corrections Officers Unknown Lajoie, Unknown Cusik and Unknown Party; Assistant Resident Unit Supervisors (ARUS) Unknown McKee and Unknown Derry; Nurses Unknown Fillion and Unknown Murline; and Quartermaster Unknown Savoie for violating his Eighth Amendment rights.

On December 5, 2011, Plaintiff alleges that he was assaulted by his cell-mate, Robert James. Plaintiff claims that Defendants Lajoie, Cusik, Unknown Party and ARUS McKee knew of the possibility of an assault by inmate James but ignored the risk. On December 5, both Plaintiff and inmate James alerted Officers Lajoie, Cusik and Unknown Party that they needed to be separated. At 12:30 p.m., Plaintiff hit the distress button in his cell; however, the officers ignored the call. At 12:40 p.m., inmate James requested to be moved. Nevertheless, Officer Lajoie denied his request. Inmate James then grabbed the lock from his locker door and began hitting Plaintiff with it. During the assault, Officers Lajoie, Cusik and Unknown Party apparently stood outside Plaintiff's cell and refused to assist Plaintiff. Because of the assault, Plaintiff received several injuries to his head and neck.

After the assault, Plaintiff was handcuffed and escorted to segregation despite his injuries. Plaintiff requested medical attention to no avail. Plaintiff was then locked in a shower stall for 45 minutes to clean his wounds. While in the shower, Plaintiff vomited several times. At 1:30 pm, Plaintiff was escorted to health care, where Nurse Murline evaluated him. Plaintiff explained to Nurse Murline that he has a history of concussions and closed head injuries. Plaintiff requested

further testing. Nurse Murline, however, only applied medical tape to Plaintiff's wounds and gave him aspirin. For several days, Plaintiff endured severe headaches, dizziness and confusion. From December 6 to 12, Plaintiff stopped several nurses, including Fillion and Murline, and requested medical attention. Plaintiff also filed two medical kites to no avail. On December 12, Plaintiff explained to Nurse Fillion that his symptoms were not subsiding. Nurse Fillion replied that the December 5 visual check of Plaintiff's injuries was sufficient.

On December 13, 2011, Plaintiff was escorted to health care for his yearly check-up. Nurse Fillion examined him. Plaintiff again requested to see a doctor or specialist but Nurse Fillion denied his request. Nurse Fillion, however, reluctantly checked Plaintiff's eyes with a pen-light. She noted nothing wrong with Plaintiff's eyes and told him to write his concerns in a medical kite. On December 14, Plaintiff's misconduct was dismissed and he was released from segregation. Plaintiff, however, complains that his symptoms have not subsided.

In summary, Plaintiff alleges that Officers Lajoie, Cusik and Unknown Party, and ARUS McKee failed to protect him in violation of his Eighth Amendment rights. He also alleges that Nurses Fillion and Murline denied him medical care in violation of his Eighth Amendment rights.

For relief, Plaintiff requests monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make any specific factual allegations against Defendants Unknown Derry and Unknown Savoie. It is a basic pleading essential that a plaintiff attribute factual

allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Unknown Derry and Unknown Savoie.

At this stage of the case, the Court concludes that Plaintiff's allegations against Defendants Lajoie, Cusik, Unknown Party, McKee, Fillion and Murline for violating his Eighth Amendment rights are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Derry and Savoie will be dismissed for failure to state a claim pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Lajoie, Cusik, Unknown Party, McKee, Fillion and Murline.

An Order consistent with this Opinion will be entered.


Dated:       10/2/2012            /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge